97 F.3d 1461
 78 A.F.T.R.2d 96-6798, 97-1 USTC P 50,162
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re William Edward TOWE, aka Edward Towe and Cora Florence
Towe, aka Florence Towe, Debtors.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Edward TOWE; Florence Cora Towe, Defendants-Appellants.
 No. 95-35066.
 United States Court of Appeals, Ninth Circuit.
 Submission Deferred Feb. 26, 1996.
Resubmitted March 26, 1996.*
Decided Sept. 23, 1996.
 
 1
 Before: FLETCHER, NOONAN, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 William Edward Towe appeals the judgment of the district court denying him a discharge in bankruptcy. Upholding the district court's application of collateral estoppel, we affirm the judgment.
 
 PROCEEDINGS
 
 4
 On July 31, 1989 the United States levied on 91 antique automobiles titled in the name of Towe Antique Ford Foundation (TAFF). TAFF thereupon brought a wrongful levy action under § 7426 of the Internal Revenue Code contending that it was the owner of the automobiles. The matter was tried on October 15-16, 1991. In due course the district court gave judgment for the United States. Towe Antique Ford Foundation v. Internal Revenue Service, 791 F.Supp. 1450 (D.Mont.1992). The court found as a fact that "any transfer of the antique automobiles from Edward Towe to TAFF on October 20, 1981, was fraudulent as to the United States." Id. at 1459. The court further held as a conclusion of law that "the alleged conveyance of the subject automobiles from Edward Towe was fraudulent under the Uniform Fraudulent Conveyance Act, as adopted by Montana, and the United States was justified in levying on the ninety-one automobiles to satisfy Edward and Florence Towe's federal tax liabilities." Id.
 
 
 5
 On November 14, 1989 Towe and his wife filed a bankruptcy petition in Chapter 7, listing liabilities in excess of $7 million and assets of $23,175. The liabilities included federal income tax obligations in excess of $3.5 million for the tax years 1969 through 1982. The United States filed an adversary proceeding objecting to the general discharge of the Towes.
 
 
 6
 On September 4, 1992 the bankruptcy court applied collateral estoppel and ruled in favor of the United States as to Towe. The complaint as to his wife was dismissed. Towe then appealed to the district court. On November 22, 1994 the district court affirmed the judgment of the bankruptcy court, holding that Towe was collaterally estopped from disputing the fraudulent transfer.
 
 
 7
 Towe appeals.
 
 ANALYSIS
 
 8
 Towe does not deny that he had a full and fair opportunity in the wrongful levy action to contest the issues of ownership and fraudulent conveyance of the automobiles. Before the district court he argued that collateral estoppel was not appropriate only because the wrongful levy judgment was not "sufficiently firm." As the district court pointed out, "the preclusive effects of a lower court judgment cannot be suspended simply by taking an appeal that remains undecided." Robi v. Five Platters, Inc., 838 F.2d 318, 327 (9th Cir.1988), quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure: Jurisdiction, § 4433 at 305 (1981). In addition, the wrongful levy decision has now been affirmed by this court. Towe Antique Ford Foundation v. Internal Revenue Service, 999 F.2d 1387 (9th Cir.1993).
 
 
 9
 On this appeal, the only argument offered to avoid collateral estoppel is that in the wrongful levy case the district court did not determine "that a concealment or secret beneficial interest in the 91 antique automobiles accrued to Mr. Towe within one year of the bankruptcy proceeding." This contention is not supported by the record. In its 1992 decision in the wrongful levy case the court specifically found that Towe and his immediate family "have continued to enjoy the benefits of the antique automobile at issue since the automobiles were allegedly transferred to TAFF." TAFF v. Internal Revenue Service, 791 F.Supp. at 1458. Consequently, within one year of the bankruptcy petition filed in 1991 Towe was enjoying the ownership of assets which he had attempted to conceal under the name of TAFF. The fraudulent conveyances made by him were still in effect at the time of the bankruptcy petition and proceeding. The Bankruptcy Code, 11 U.S.C. § 727(a)(2)(A), applies squarely here in providing that the court shall grant the debtor a discharge unless "the debtor, with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated, or concealed ... property of the debtor, within one year before the date of filing of the petition." Consequently, the judgment of the district court must be AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3